**Melvin B. UFFEN, Plaintiff in Error,**

v.

**WILSHIRE MOTELS, INC., a corporation, Defendant in Error.**

**No. 41823.**

Supreme Court of Oklahoma.

Jan. 9, 1968.

Milton R. Moon, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for plaintiff in error.

Barney W. Miller, B. J. Brockett, Oklahoma City, for defendant in error.

PER CURIAM:

The parties here will be referred to as they appeared in the trial court or by name.

According to its petition filed in the trial court on April 27, 1965, plaintiff, Wilshire Motels, Inc., through one of its agents parked one of its automobiles in a parking lot belonging to Shoppers World in Oklahoma City, about midnight on the evening of December 16, 1964. Plaintiff alleged that the defendant Uffen drove an automobile belonging to defendant E & W Fishing & Rental Tools, Inc., and as its agent, into and against plaintiff's automobile causing damage thereto. It sought a judgment against both defendants for the amount of damage to its automobile and for the loss of the use of it. The defendant Uffen plead by answer that he parked his automobile on this night

near the Normandy Apartments and that he later discovered that his car had been taken from the place he parked it by persons unknown and had been driven to the Shoppers World parking lot and he found it in a damaged condition near plaintiff's automobile. The defendant E & W Fishing & Rental Tools, Inc. denied that Uffen was its agent and adopted the allegation of Uffen's answer as its own. Later plaintiff in open court dismissed its action with prejudice as against defendant E & W Fishing & Rental Tools, Inc.

The issues were made up and pretrial conference was had on the 28th of September, 1965. According to the trial court's pretrial conference order, the defendant's attorney agreed to produce the defendant Uffen for giving his deposition. The defendant refused to give his deposition. The case came on for trial on the 18th of October, 1965. At that time the attorney for plaintiff informed the court that he had been unable to obtain the deposition of the defendant Melvin Uffen, and was prejudiced thereby. Plaintiff asked for judgment against the defendant Uffen. At that time the plaintiff dismissed his action against the defendant E & W Fishing & Rental Tools, Inc. with prejudice. The defendant Uffen was present in court and announced ready for trial.

Judgment was granted the plaintiff as if by default and no evidence was offered in court to substantiate plaintiff's claim for unliquidated damages. In this we think the trial court erred. The trial court was without authority to enter a default judgment, or a judgment on the pleadings for such unliquidated damages without first hearing evidence. See 12 O.S.1961, § 306.

Further, absent some applicable provision of law of constitutional effect that judgment may be taken in such a case for such a refusal to appear and give deposition, we determine that such a refusal is not grounds for entering judgment for the opposing party on an unliquidated claim. See 6 A.L.R.3rd 728.

Further treatment of matters presented in argument of defendant in error (plaintiff below) is deemed to be unnecessary.

The judgment of the trial court is reversed with instructions to grant a new trial.

The Court acknowledges the aid of the Supernumerary Judge, HARRY L. S. HALLEY, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

All Justices concur.